Corwin, J.
This is an appeal brought to us under the seventy-fourth section of the act of April 13,1852, “ for the assessment and. taxation of all property in this state, and for levying taxes thereon, according to its true value in money,” which provides that the-auditor of state, with the advice of the attorney general, “ shall decide all questions which may arise as to the true construction of this act, or in relation to any tax levied, or proceeding under the same,, subject, however, in all cases, to an appeal to the supreme court.” 50 Ohio L. 166.
*The Logan Branch of the State Bank of Ohio submitted to-the auditor of state, for his decision, its complaint against the taxes-assessed and levied upon it under the act before referred to; and the decision of the auditor thereon is brought here ex parte, for review. And the first question for consideration is whether this court have any jurisdiction over the subject as now presented?
With reference to the statute itself, it may be remarked, that it does not purport to clothe the auditor of state with judicial powers- and functions; it imposes no new or additional duty upon him; for-in the exercise of the duties of his office as auditor of state, the decision of all questions arising under the law affecting his official obligations would necessarily devolve upon himself in the first place; and it is by his own decisions, guided by the best lights around him, that his official action must always be regulated ; sub *373 ject, of course, to such rules as may have received judicial sanction. But this law authorizes him to go no further. He can render no judgment against any party, and is powerless to enforce any judgment. He has not, in fact, undertaken to pronounce any judgment, and the appellate jurisdiction of-this court only extends to the judgments or decrees of an inferior court.
The original jurisdiction of this court is limited by the constitution to writs of quo warranto, mandamus, habeas corpus and procedendo ; and as this case does not come under either of the heads' ■of original jurisdiction, it must be entertained under our appellate jurisdiction, or be dismissed. The constitution provides that the .supreme court may have “such appellate jurisdiction as maybe provided by law.” And it is claimed that the law has provided for this appeal. But to this it must be answered, that the law provided for this appellate jurisdiction must not be in disregard of the other provisions of the constitution. Section 1, article 4, of the constitution, provides that “ the judicial power of the state shall be vested in a supreme court, in districts courts, courts of common pleas, courts ■ of probate, justices of the peace, *and in such other courts inferior to the supreme court, in one or more counties, as the general assembly may from time to time establish.
The 10th section of the same article provides “ that all judges, ■other than those provided for in this constitution, shall be elected by the electors of the judicial district for which they may be created, but not for a longer term of office than five years.”
Thus all the judicial power of the state is vested in the courts designated in the constitution, and in such courts as may be organized under the first section. But it is perfectly clear that, upon the creation of any additional court by the legislature, the judicial officer must be elected, as such, by the electors of the district for which such court is created; and it is not within the competency of the legislature to clothe with judicial power any officer or person not elected as a judge. Inasmuch, therefore, as the auditor of state can in no sense be considered as having exercised any judicial function in the premises, and as we have no idea of an appeal, except from one court to another, this proceeding must be dismissed .for want of jurisdiction.

Appeal dismissed.

Thurman, J., did not sit in this case.